UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON FOSTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-694-O |
| | § | |
| REGIS TRADE SECRET, INC., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Trade Secret's Motion for Summary Judgment ("Def.

Mot.") and Brief in Support ("Def. Bf."), Plaintiff's Response to Defendant's Motion for

Summary Judgment and Brief in Support ("Pl. Rsp."), Defendant's Reply to Plaintiff's Response

to its Motion for Summary Judgment and Motion to Strike Summary Judgment Evidence ("Def.

Reply"), and the parties' Joint Appendix ("Jt. App.") (Doc. # 23) filed January 22, 2008 pursuant

to the Scheduling Order dated July 9, 2007.

Having reviewed the relevant filings, the evidence, and the applicable law, the Court

finds the motion should be and is hereby **DENIED**.

**I.      Factual and Procedural Background**

This is an employment discrimination suit.  Plaintiff Sharon Foster ("Plaintiff") alleges

claims against her former employer, Regis Trade Secret, Inc. ("Trade Secret"), under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*  Am. Compl. at 6.  The

undisputed facts show Plaintiff was terminated from her job as store manager at Trade Secret on

March 3, 2006, when she was 59 years of age.  Jt. App. at 2, 23, 112.

Trade Secret is a salon that provides hair care services and sells salon products.  Jt. App.

at 14-15, 89.  Plaintiff began working for Trade Secret in 1989.  Jt. App. at 3, 89.  Plaintiff's

most recent position with Trade Secret was store manager at one of Trade Secret's salons.  Jt.

App. 18, 90.  In early March, 2006, Plaintiff's area supervisor, Megan McLawhon, discovered

discrepancies with respect to merchandise return documents from Plaintiff's store.  Jt. App. at

54-55.  Specifically, McLawhon discovered return forms that were signed by Plaintiff, but

corresponding return receipts had other employees' identification numbers.  Jt. App. at 54-55.

This issue was brought to the attention of Simmie Myers, the regional manager who supervised

Ms. McLawhon, and Norma Knudson, Trade Secret's Chief Operating Officer.  Jt. App. at 32-

34, 54-55, 101.

On March 3, 2006, McLawhon and Myers met with Plaintiff to discuss the return form

discrepancies and their decision to terminate Plaintiff's employment.  Jt. App. at 34, 55-56, 96,

112.  After termination of her employment, Plaintiff filed a complaint with the Equal

Employment Opportunity Commission ("EEOC") alleging she was discriminated against based

on age.  Am. Compl. at 5.  The EEOC issued Foster a right-to-sue letter, and this suit was filed

on March 23, 2007.  *See* Compl.; Am. Compl. at 6.

Trade Secret moves for summary judgment and also requests this Court strike two

unsworn documents submitted as evidence by Plaintiff in support of her Response to Trade

Secret's Motion for Summary Judgment.  *See* Def. Mot.; Def. Reply at 5.  The issues have been

briefed by the parties and this matter is ripe for determination.

## II.     Trade Secret's Motion to Strike

As a preliminary matter, the Court will address Trade Secret's motion to strike two

statements offered as evidence by Plaintiff.  Def. Reply at 5.  Trade Secret argues that the

statements of Anita Barrera (Jt. App. 115) and Myrna Vida (Jt. App. 116) are not competent

summary judgment evidence because the statements are unsworn and do not otherwise qualify as

affidavits. *Id.*

The Fifth Circuit has held that an unsworn affidavit is incompetent to raise a fact issue

precluding summary judgment. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir.

1988). A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn

declarations to substitute for an affiant's oath if the statement contained therein is made "under

penalty of perjury" and verified as "true and correct." *Id.*; 28 U.S.C. § 1746.

The Court finds that the statements of Anita Barrera and Myrna Vida, Jt. App. 115-16,

are not competent summary judgment evidence. These statements were not sworn to before a

notary public, and do not contain language indicating that the statements are true and correct

and were made under penalty of perjury. Accordingly, Trade Secret's motion to strike is

**GRANTED**.

### III.    Standard of Review

Summary judgment is proper when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are

material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of

material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material

fact by informing the court of the basis of its motion and by identifying the portions of the record

which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's

attention to evidence in the record sufficient to establish that there is a genuine issue of material

fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more

than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show

that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*,

477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the

non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party

opposing summary judgment is required to identify specific evidence in the record and to

articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the Defendant is

proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an

element essential to her case and to which she will bear the burden of proof at trial. *Celotex*, 477

U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide

all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker*

*v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility

determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at

255. As long as there appears to be some support for the disputed allegations such that

"reasonable minds could differ as to the import of the evidence," the motion for summary

judgment must be denied.  *Id.* at 250.

## IV.    Discussion

Trade Secret moves for summary judgment on the grounds that undisputed facts

demonstrate that Plaintiff cannot carry her burden of proving that she was discharged because of

her age.  Def. Mot. at 2.  Trade Secret argues that Plaintiff was terminated for legitimate, non-

discriminatory reasons.  Def. Bf. at 7-8.  Plaintiff responds that there is a genuine issue of fact

regarding the truth of Trade Secret's proffered reasons for her termination.  Pl. Rsp. at 7-10, 12.

Plaintiff also responds that there is evidence of Trade Secret's discriminatory animus creating a

genuine issue of material fact.  *Id.* at 10-11.  Thus, Plaintiff asks the Court to deny Trade Secret's

motion, allowing the case to proceed to trial.  *Id.* at 13.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's age."  29 U.S.C. § 623(a).  To withstand

an employer's motion for summary judgment on an ADEA claim, plaintiff must present

evidence, which can be direct or circumstantial, sufficient to create a genuine issue of fact that he

or she was discriminated against by an employer.  *See Evans v. City of Bishop*, 238 F.3d 586,

590-92 (5th Cir. 2000).

The Court's analysis regarding whether a plaintiff has raised a genuine issue of fact

depends on whether plaintiff presents direct or circumstantial evidence.  *Rachid v. Jack In The*

*Box*, 376 F.3d 305, 309 (5th Cir. 2004).  When the evidence is direct, the court uses a

conventional approach in assessing whether summary judgment should be granted.  *Id.*

However, when a plaintiff relies on circumstantial evidence, the court must evaluate the case

within the burden-shifting framework erected by *McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973), and its progeny. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.

2005); *Rachid*, 376 F.3d at 308-13. Under this framework, plaintiff must first make a *prima*

*facie* case of age discrimination, demonstrating that he or she (1) was discharged; (2) was

qualified for the position; (3) was within the protected class at the time of discharge; and (4) was

either (i) replaced by someone outside the protected class; (ii) replaced by someone younger, or

(iii) otherwise discharged because of age. *Rachid*, 376 F.3d at 309.

Once plaintiff makes a *prima facie* case, the burden shifts to defendant to articulate a

legitimate, non-discriminatory reason for the challenged employment decision. *Machinchick*,

398 F.3d at 352. The defendant need not persuade the court that it was actually motivated by the

proffered reasons. *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981).[1] It is

sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated

against the plaintiff. *Id.* The rebuttal of the presumption created by the *prima facie* case requires

only a minimal showing. *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 813 (5th Cir.

1991). However, the explanation provided must be legally sufficient, assuming it is believed, to

justify a judgment for the defendant. *Burdine*, 450 U.S. at 255. An articulation not admitted into

evidence will not suffice, and defendant cannot meet its burden merely through an answer to the

complaint or by argument of counsel. *Id.* at 256, n. 9.

Once defendant articulates a legitimate, nondiscriminatory reason for the employment

---

[1]The Court notes that *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981), involves discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. However, cases involving discrimination under Title VII serve as compelling precedent for ADEA discrimination cases where similar provisions of the ADEA and Title VII are at issue. *See Smith v. City of Jackson*, 544 U.S. 228, 233-34 (2005) (noting that a unanimous interpretation of a section of Title VII with the same language as the corresponding ADEA provision is "precedent of compelling importance").

decision at issue, plaintiff must then offer sufficient evidence to create a genuine issue of

material fact either (1) that defendant's reason is not true, but is instead a pretext for

discrimination; or (2) that defendant's reason, while true, is only one of the reasons for its

conduct, and another motivating factor is the plaintiff's protected characteristic. *Rachid*, 376

F.3d at 312. A plaintiff relying on circumstantial evidence has the option of (1) offering

evidence showing that defendant's proffered nondiscriminatory reasons are false, or (2) offering

evidence showing that age was a motivating factor for the defendant's adverse employment

decision. *Machinchick*, 398 F.3d at 352. If a plaintiff demonstrates that age was a motivating

factor in the employment decision, the burden shifts to defendant to prove that the same adverse

employment decision would have been made regardless of discriminatory animus. *Id.*

### 1.      Plaintiff's Evidence

Direct evidence is evidence which, if believed, proves the fact in question without

inference or presumption. *Fabela v. Socorro Indep. Sch. Dist.,* 329 F.3d 409, 415 (5th Cir.

2003). In the employment discrimination context, this includes "any statement or document

which shows on its face that an improper criterion served as a basis for an adverse employment

action." *Id.* at 415. However, if an inference is required for the evidence to be probative as to an

employer's discriminatory animus in terminating the former employee, the evidence is

circumstantial, not direct. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir.

2002).

Here, Plaintiff has not produced any statement or document which shows on its face that

an improper criterion served as a basis for an adverse employment action. Instead, she presents

evidence requiring an inference or presumption to support her claim of discrimination under the

ADEA. Because Plaintiff's evidence is circumstantial, the Court evaluates whether summary

judgment is appropriate under the burden-shifting framework erected by *McDonnell Douglas*

*Corp.* and its progeny. *See Rachid*, 376 F.3d at 308-13; *Machinchick*, 398 F.3d at 345.

### 2.     Plaintiff's *prima facie* case

Trade Secret, for purposes of its motion, does not dispute that Plaintiff's complaint

establishes a *prima facie* case under the ADEA. Def. Bf. at 7. Instead, Trade Secret argues that

even if Plaintiff can establish a *prima facie* case of age discrimination, she can not carry her

burden of proving that she was discharged because of her age. Def. Mot. at 2.

### 3.     Trade Secret's legitimate, nondiscriminatory reasons

Because there is no issue of fact regarding whether Plaintiff can establish a *prima facie*

case under the ADEA, Trade Secret bears the burden of articulating a legitimate,

nondiscriminatory reason for its termination of Plaintiff's employment. *See Machinchick*, 398

F.3d at 352.

Trade Secret presents evidence that Plaintiff's employment was terminated because

decision-makers at Trade Secret believed Plaintiff had falsified company records. Specifically,

the Corrective Action/Termination Form documenting Plaintiff's termination states that

"(f)alsification of company records" was the reason Plaintiff was discharged. Jt. App. at 52.

The form further states that Plaintiff had been "ringing returns under stylist's numbers" in

violation of a security regulation prohibiting intentional falsification of company records. *Id.* at

52-53; *see also* Jt. App. at 34 (Myers' Declaration stating Plaintiff had violated company policy

due to the falsification of company documents); Jt. App. at 30-31 (Knudsen's Declaration stating

that it appeared Plaintiff had committed a security violation and that she had serious concerns

8

regarding whether Plaintiff could be trusted).

Trade Secret also provides evidence showing that Plaintiff's prior performance issues were considered by the people involved in the decision to terminate Plaintiff's employment. *See* Jt. App. at 30-31 (Knudsen's Declaration stating that given prior policy violations, she had concerns regarding whether Plaintiff was trustworthy); Jt. App. at 34 (Myers' Declaration stating that she believed Plaintiff should be terminated given past warnings and concerns about whether Plaintiff could be trusted); Jt. App. at 55 (McLawhon's Declaration stating that she believed termination was appropriate given Plaintiff's previous performance issues and failure to properly handle returns).

Trade Secret has articulated legitimate nondiscriminatory reasons for its decision to terminate Plaintiff's employment, successfully rebutting the presumption created by Plaintiff's *prima facie* case.

### 4. Evidence of Discriminatory Intent

Trade Secret has offered legitimate, nondiscriminatory reasons for termination of Plaintiff's employment, thus to survive summary judgment, Plaintiff must present sufficient evidence to create a genuine issue of material fact that either (1) defendant's reasons are not true, but are instead a pretext for discrimination; or (2) defendant's reasons, while true, are only some of the reasons for its conduct, and another motivating factor is the plaintiff's age. *See Machinchick*, 398 F.3d at 352. If relying on circumstantial evidence, Plaintiff may either (1) offer evidence showing that defendant's proffered nondiscriminatory reasons are false, or (2) offer evidence showing that age was a motivating factor for the defendant's adverse employment decision. *Id.*

Plaintiff may survive summary judgment if she presents sufficient evidence to create a

genuine issue of material fact that defendant's articulated reasons for her termination are not

true, but are instead a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*,

530 U.S. 133, 143 (2000). A mere scintilla of evidence of pretext does not create an issue of

material fact in all cases. *Crawford v. Formosa Plastics Corp.,* 234 F.3d 899, 902-903 (5th Cir.

2000). A plaintiff must present *sufficient* evidence to find that the employer's asserted

justification is false. *Id.* at 903. Evidence demonstrating the falsity of the defendant's

explanation, taken together with the *prima facie* case, is likely to support an inference of

discrimination even without further evidence of defendant's true motive. *Sanstad,* 309 F.3d at

897. Thus, it is possible for a plaintiff to survive summary judgment by producing evidence that

creates a jury issue as to the falsity of the employer's legitimate nondiscriminatory explanation.

*Id.; Acker v. Deboer, Inc.,* 429 F. Supp. 2d 828, 897 (N.D. Tex. 2006). However, summary

judgment is appropriate, even if plaintiff has established a *prima facie* case and set forth

sufficient evidence to reject a defendant's explanation, where "no rational factfinder could

conclude that the action was discriminatory." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720

(5th Cir. 2002). In determining whether a plaintiff has provided sufficient evidence of pretext to

proceed to trial, "a court should consider the strength of plaintiff's *prima facie* case, the

probative value of the proof that the employer's explanation is false, and any other evidence that

supports the employer's case." *Crawford,* 234 F.3d at 902 (quoting *Reeves*, 530 U.S. at 148-49).


Trade Secret's articulated legitimate, nondiscriminatory reasons for termination frame the

factual issues with which Plaintiff will need to demonstrate pretext. *Burdine*, 450 U.S. at 255-

56.  As previously discussed, Trade Secret has articulated that Plaintiff was terminated for falsifying company records.  Trade Secret has also articulated that Plaintiff's prior work performance was taken into account in the decision to fire her.

Plaintiff argues that she never *falsified* documents, and that this reason is proffered as a pretext for unlawful age discrimination.  Pl. Rsp. at 9.  In support of this assertion, Plaintiff presents her own testimony and sworn statement that she did not ring up returns under any other employee's register number.  *See* Jt. App. at 89, 94.  Plaintiff also presents evidence supporting explanations, other than *intentional falsification,* for the discrepancies between return forms and return receipts.  Plaintiff presents evidence that, as store manager, she would sometimes help co-workers with returns, including interacting with customers and helping fill out return forms.  Jt. App. at 89, 97, 117.  Furthermore, Plaintiff presents evidence that she would audit all return forms as part of her job as store manager and would initial forms as she conducted her review.  Jt. App. at 90, 93, 97.  Plaintiff argues this evidence raises a genuine issue of material fact as to whether *falsification* of company records took place.[2]  Pl. Rsp. at 9.

Trade Secret replies that Plaintiff's explanations as to why her store's return forms were not properly completed do not present a fact issue here because, even if taken as true, management had every right to draw their own, different conclusions as to what the improperly

---

[2]Plaintiff also contends that Trade Secret treated her differently than a younger employee with inconsistent receipts and return forms and that this disparate treatment demonstrates pretext.  Pl. Rsp. at 10.  However, Plaintiff has not produced evidence showing that she and the younger employee were under "nearly identical circumstances."  *See Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (stating that age discrimination can be shown where persons under age 40 are treated differently under "nearly identical circumstances").  The evidence Plaintiff cites actually suggests the younger employee is not a proper comparator, as he was a beauty advisor, not a store manager, when he improperly handled return forms.  *See* Jt. App. at 102-03 (where Myers states a beauty advisor did the same thing as Plaintiff).

11

completed return forms revealed to them. Def. Reply at 3-4. Trade Secret argues it was entitled

to determine that Plaintiff had *falsified* company documents after observing return forms

initialed by Plaintiff where corresponding return receipts bear another employee's identification

number. *Id.*

Trade Secret has produced evidence that tends to show it reasonably believed Plaintiff

*falsified* company documents. *See* Jt. App. at 37-51; Jt. App. at 34 (Myers' Declaration stating

Plaintiff had violated company policy through falsification of company documents); Jt. App. at

30-31 (Knudsen's Declaration stating she had serious concerns regarding whether Plaintiff could

be trusted, and it appeared she had committed a security violation). In addition, Trade Secret

presents evidence that shows Plaintiff may have had a motive for ringing up returns under other

employees' identification numbers, as returns negatively affect employee performance statistics.

Jt. App. at 17.

While Trade Secret's evidence tends to show that it reasonably believed Plaintiff had

*falsified* company documents and therefore did not use this reason as a pretext for age

discrimination, this Court must decide all reasonable doubts and inferences in the light most

favorable to the non-movant. *See Walker*, 853 F.2d at 358. The Court cannot make a credibility

determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at

255. As long as there appears to be some support for the disputed allegations such that

"reasonable minds could differ as to the import of the evidence" the motion for summary

judgment must be denied. *Id.* at 250.

Here, Plaintiff has brought forth sufficient evidence to raise a question that she did not

*falsify* company records, creating a fact issue as to pretext on this proffered justification

sufficient to survive summary judgment. Thus, the Court finds that, when viewing Plaintiff's

*prima facie* case, the probative value of the proof that the employer's explanation is false, and

other evidence that supports the employer's case in a light most favorable to Plaintiff, there is, at

the very least, a jury issue as to pretext with regard to Plaintiff's termination for falsification of

company records.

The Fifth Circuit has noted that a plaintiff putting forward evidence rebutting defendant's

legitimate, nondiscriminatory reasons must rebut each of a defendant's nondiscriminatory

explanations for the employment decision at issue. *Machinchick*, 398 F.3d at 351. Trade Secret

has provided evidence that Plaintiff's prior performance issues were considered in the decision

to fire Plaintiff. *See* Jt. App. at 30-31 (Knudsen's Declaration stating that, given prior policy

violations, she had concerns regarding whether Plaintiff was trustworthy); Jt. App. at 34 (Myers'

Declaration stating that she believed Plaintiff should be terminated given past warnings and

concerns about whether Plaintiff could be trusted); Jt. App. at 55 (McLawhon's Declaration

stating that she believed termination was appropriate given Plaintiff's previous performance

issues and failure to properly handle returns). Thus, the Court must next address whether

Plaintiff has raised an issue of fact as to whether she was terminated due to her prior work

performance.

Plaintiff argues that her prior work history was not the basis for her termination,

demonstrating pretext. Pl. Rsp. at 7-8. Plaintiff contends that Megan McLawhon and Simmie

Myers both testified under oath that Plaintiff was terminated for falsification of company

records, with no mention of prior work issues. *See* Pl. Rsp. at 8; Jt. App. at 101, 107-08.

Plaintiff also notes that the Corrective Action/Termination Form completed by McLawhon and

approved by Myers lists only the alleged falsification of documents as the reason she was terminated. *See* Pl. Rsp. at 8; Jt. App. at 51-52.

Resolving reasonable doubts and inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has created a jury issue as to whether her prior work history was considered in the decision to terminate her employment. Thus, Plaintiff has created a jury issue as to pretext on this proferred justification.

Trade Secret argues that summary judgment is required in this case because Plaintiff has failed to provide any evidence of discriminatory animus. Def. Reply at 4. The Court rejects this argument. In *Reeves v. Sanderson Plumbing Products, Inc.*, the Supreme Court held that a plaintiff's *prima facie* case and sufficient evidence of pretext may permit a trier of fact to find unlawful discrimination without additional, independent evidence of discrimination. *Reeves,* 530 U.S. at 147-149. In fact, the Fifth Circuit has indicated that evidence demonstrating the falsity of the defendant's explanation, taken together with the *prima facie* case, is *likely* to support an inference of discrimination even without further evidence of defendant's true motive. *Sanstad,* 309 F.3d at 897.

Here, Plaintiff has raised a genuine issue of fact regarding both of the reasons Trade Secret has articulated for termination of Plaintiff's employment. Plaintiff has raised a fact issue as to pretext, and taken together with her *prima facie* case, the Court finds that a rational factfinder could conclude that Plaintiff's termination was discriminatory.

## V.     Conclusion

In sum, Plaintiff has presented competent summary judgment evidence raising issues of fact regarding whether Trade Secret's legitimate, nondiscriminatory reasons have been offered as

a pretext for unlawful discrimination. Specifically, Plaintiff has raised issues as to whether she was terminated for falsifying company records and whether her prior work performance was taken into account in the decision to terminate her employment. Since a rational factfinder could conclude that Trade Secret's proffered reasons for Plaintiff's termination were pretexts for discrimination, summary judgment is inappropriate, and Defendant's Motion is **DENIED**.

      **SO ORDERED** this 19th day of **March, 2008.**


           **Reed O'Connor**
           **UNITED STATES DISTRICT JUDGE**